IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANA MARIE SHANK, | ) | Case No. 1:24-cv-02179 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVIS A. RUIZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **INITIAL ORDER** |
| | ) | |

This action under 42 U.S.C. §§ 405(g), 1383(c)(3) has been referred for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.2(b).[1] To ensure a prompt and efficient decision on the issues presented, IT IS HEREBY ORDERED that:

**Plaintiff's Mandatory Notice to the Government**

1. Plaintiff's counsel shall: (a) immediately email the case name, case number, and social security number of the claimant or the worker on whose wage record the application for benefits was filed to the U.S. Attorney's Office at (USAOHN.SSACOMPL@usdoj.gov) and the office of regional counsel at (ch.il.ogc.ndohio@ssa.gov); and (b) file a certificate with this Court confirming that such notice has been sent, either by separate filing or as an allegation in the complaint.

[1] The requirements of this Initial Order shall also govern proceedings in the event the parties consent to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c).

**Initial Considerations**

2. The court establishes the following schedule for disposition of this action in accordance with Local Rule 16.3.1. The Court notes that Rules 6 & 7 of the Supplemental Rules for Social Security Review Actions Under 42 U.S.C. § 405(g) (effective Dec. 1, 2022) provide a different schedule than adopted herein. However, the court exercises the discretion afforded by Supplemental Rules and opts to follow the Local Rule

The parties are ***strongly encouraged*** to discuss the potential abandonment of claims or defenses, the remand actions[2], and the potential to consent to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**Response to Complaint**

3. Defendant shall, within 60 days of being served with the complaint, file a copy of the certified administrative record which shall suffice as an answer to the complaint, unless a motion to dismiss is filed.

**Plaintiff's Brief on the Merits**

4. Within forty-five (45) days of the filing of the certified administrative record, the plaintiff shall file a primary submission entitled: *Plaintiff's Brief on the Merits*. The brief shall not exceed twenty-five (25) pages in length, exclusive of addenda. *Although a forty-five (45) day period for filing is allowed, this Court expects that such submission will be filed at the earliest possible date.* Failure to file a merits brief within forty-five (45) days after the answer may result in dismissal for want of prosecution without further notice.

**Defendant's Brief on the Merits**

5. Within forty-five (45) days of the filing of the plaintiff's brief on the merits, the

[2] If, after conferring, plaintiff or the Commissioner opt to abandon certain arguments, the parties must promptly notify the court.

defendant shall file a responsive brief entitled: *Defendant's Opposition Brief*. The brief shall not exceed twenty-five (25) pages in length, exclusive of addenda. *Although a forty-five (45) day period for filing is allowed, this Court expects that such submission will be filed at the earliest possible date.* If no opposition brief is filed within the allowed period, the court may review the plaintiff's claims on the plaintiff's brief alone.

**Reply Brief**

6. Within fourteen (14) days after the defendant submits an opposition brief, the plaintiff may file a reply brief. Plaintiff's reply brief may *only* address issues raised in defendant's brief, may not raise new issues, and may not reiterate previous arguments. No reply brief shall exceed ten (10) pages.

**Extensions**

7. The court will not grant extensions other than on motions demonstrating extraordinary circumstances. Further, any request for an extension of time must be filed at least five (5) days prior to the filing deadline and shall indicate whether consent to the extension was sought and/or obtained from the opposing party. Failure to comply with this requirement may result in denial of the request for extension.

**Requirements for Briefs**

The court requires specific content in briefs on the merits and replies. These requirements are intended to allow each side to identify all essential facts upon which their position is based, to argue for their interpretation of how the law should be applied to those facts and to eliminate the requirement that the court search the record for facts not identified by the parties as essential to the determination of the case.

8. Each party's brief shall contain:

a. An enumerated *Statement of Legal Issues* involved in the case. Requirements specifically applicable to Plaintiff's *Statement of Legal Issues* are set forth in Paragraph 8 below. Defendant's specific requirements are set forth in Paragraph 9 below.

b. A *Statement of Facts* setting forth the facts essential to the determination of the action. Each fact shall be supported by a specific reference to the transcript page number on which that fact is found. For example, a citation to a medical finding on page 20 of exhibit 8F and corresponding to page 300 of the administrative transcript should be cited as (Tr. 300), and not as (8F/20). The *Statement of Facts* shall accurately recite the record in a neutral tone without argument, coloring, or spin. Arguments should be in the *Argument* section, not in the *Statement of Facts*. **Any fact in the transcript not referred to in a party's *Statement of Facts* shall be deemed non-essential to the determination of the issues presented**.

c. An *Argument* containing the party's analysis and advocacy concerning the issues to be decided. Defendant's brief shall specifically respond to the issues raised by plaintiff.

d. A *Conclusion* setting forth the specific relief sought by the party.

9. Plaintiff's *Argument* section must address each of the Commissioner's findings that plaintiff claims does not have the support of substantial evidence by citing specific references to the evidence in the transcript supporting plaintiff's arguments.

***PLEASE NOTE THAT UNDER THIS ORDER, PLAINTIFF MUST FILE THE FIRST BRIEF***.

10. Defendant's brief must contain specific transcript references to the evidence that

the Commissioner claims sustain the position that substantial evidence supports the decision at issue.

Dated: December 16, 2024

Reuben J. Sheperd
United States Magistrate Judge